**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GEORGE A. CHRISTIAN,

    Petitioner - Appellant,

v.

JIM FARRIS, Warden,

    Respondent - Appellee.

No. 17-6069
(D.C. No. 5:13-CV-01325-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

George Christian, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas application. He also seeks leave to proceed on appeal in forma pauperis (IFP). *See* 28 U.S.C. § 1915(a). We deny his COA application, deny his request for IFP status, and dismiss this matter.

**I**

An Oklahoma jury convicted Christian of first-degree manslaughter, pointing a firearm at another, and possessing a firearm after former conviction of a felony. On the

_____

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. But we do not act as an advocate for pro se litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

jury's recommendation, the trial court imposed concurrent prison sentences of 36, 25, and 20 years. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Christian's convictions and sentences on direct appeal. The OCCA also affirmed the state district court's denial of Christian's subsequent application for post-conviction relief.

Christian then filed the underlying § 2254 habeas application, alleging eight grounds for relief: (1) the trial court erred in failing to instruct the jury on voluntary intoxication; (2) the trial court imposed an excessive sentence; (3) his trial counsel was ineffective for failing to investigate and present a self-defense strategy; (4) the trial court erred in denying his request for new trial counsel; (5) the trial court erred "in denying [his] motion for [a] (Stand Your Ground) defense," R. 24; (6) cumulative error deprived him of a fair trial; (7) irrelevant jury instructions and the prosecutor's misleading argument erroneously informed the jury that he lacked a legal self-defense theory; and (8) he was legally authorized to use deadly force and therefore was immune from prosecution. Additionally, in what appears to be a ninth ground for relief, Christian alleges that his appellate counsel rendered ineffective assistance during his direct appeal by failing to raise the issues he identified in Grounds Three through Eight of his habeas application.

In a thorough report and recommendation, the magistrate judge considered the merits of each asserted ground for relief. Before doing so, the magistrate judge noted that Christian exhausted Grounds One and Two through his direct appeal and Grounds Three through Eight—including the ineffective-assistance-of-counsel claim asserted in conjunction with each of those grounds—through his application for state post-conviction

2

relief.[2] Ultimately, the magistrate judge recommended denying Christian's request for an evidentiary hearing and denying his habeas application.

The district court adopted the magistrate judge's report and recommendation over Christian's objections and denied his habeas application. The court subsequently denied Christian's request for a COA and his motion to proceed on appeal IFP.

**II**

Christian now asks us to grant a COA. To obtain a COA, Christian must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court considered the merits of each of Christian's claims, Christian must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But it isn't clear whether Christian seeks review of the district court's assessment of all, or only some, of his claims.

In one section of his combined brief and COA application, Christian suggests that the district court denied his habeas application on procedural grounds. He then cites three cases from the United States Court of Appeals for the Ninth Circuit involving the denial of habeas relief on procedural grounds and asserts that because "all eight of [his] claims

---

[2] As the magistrate judge noted, the state courts concluded that "portions of Grounds Three through Eight were procedurally barred." R. 777. Specifically, the OCCA didn't reach the merits of Christian's claims that the trial court violated his constitutional rights by (1) refusing to appoint new trial counsel (Ground Four), and (2) refusing to instruct the jury on a stand-your-ground defense (Ground Five). Nonetheless, the magistrate judge determined that it would be appropriate to bypass the procedural bar, review those claims de novo, and reject those claims on the merits. *See Smith v. Duckworth*, 824 F.3d 1233, 1242 (10th Cir. 2016) (explaining that habeas court "retains discretion to bypass the procedural bar and reject the claim on the merits" when court can easily dispose of claim on substantive grounds).

clearly and expressly allege on their face a violation of [his] federal constitutional rights," Aplt. Br. 17, "a COA must issue on all eight of the claims contained in the petition." *Id.* at 18.

But in two other sections of his combined brief and COA application, Christian seems to identify only two issues for which he seeks a COA. Specifically, he contends that reasonable jurists could debate (1) the district court's assessment of his ineffective-assistance-of-appellate-counsel claim, and (2) its refusal to grant an evidentiary hearing on one aspect of that claim. And at one point, Christian appears to further narrow his COA request to only the latter issue, "namely[,] that the district court erred by failing to grant [him] an [e]videntiary [h]earing on his sub-claims that related to the constitutionally ineffective assistance of appellate counsel to trial counsel's deficient investigation." Aplt. Br. 20.

Thus, broadly construed, Christian appears to identify both a broad and a narrow COA request. We address both here.

## A

First, to the extent Christian broadly requests a COA on all of his claims, we deny that request because it rests on his misunderstanding that the district court denied his habeas application on procedural grounds. Christian relies on a trio of cases from the Ninth Circuit—*Lambright v. Stewart*, 220 F.3d 1022 (9th Cir. 2000), *Petrocelli v. Angelone*, 248 F.3d 877 (9th Cir. 2001), and *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002) (en banc)—to argue that we should grant a COA on each of his claims. He asserts he has made the requisite showing for a COA because a "quick look" at his petition

4

reveals that "all eight of [his] claims clearly and expressly allege on their face a violation of [his] federal constitutional rights." Aplt. Br. at 17; *see, e.g.*, *Petrocelli*, 248 F.3d at 885 (noting that when district court dismisses habeas petition on procedural grounds, court of appeals, in deciding whether to grant COA, "will simply take a 'quick look' at the face of the complaint to determine whether the petitioner has 'facially allege[d] the denial of a constitutional right'" (quoting *Lambright*, 220 F.3d at 1026)). We apply this same analysis. But—like the Ninth Circuit—we do so only when the district court dismisses a habeas application on procedural grounds. *See Gibson v. Klinger*, 232 F.3d 799, 802-03 (10th Cir. 2000).

Here, the district court didn't deny habeas relief on procedural grounds; it addressed and rejected each of Christian's claims on the merits. Contrary to Christian's argument, this means that he must do more than "facially allege[]" a constitutional violation to obtain a COA on each claim. Aplt. Br. 17. Rather, he must show that reasonable jurists could debate the correctness of the district court's assessment of each of his constitutional claims. *Slack*, 529 U.S. at 484. Because Christian fails to demonstrate, or even argue, that he satisfies this standard for issuance of a COA on each claim, we deny his broad request for a COA on Grounds One through Eight.

**B**

Next, Christian asserts that reasonable jurists would debate the correctness of the district court's ruling with respect to two issues: (1) the district court's assessment of his ineffective-assistance-of-appellate-counsel claim and (2) its refusal to grant an evidentiary hearing on one aspect of that claim.

5

In his habeas petition, Christian alleged that his appellate counsel was ineffective for failing to argue on direct appeal that (1) his trial counsel was ineffective for failing to investigate and present his self-defense theory; (2) the trial court erred in denying his request for substitute trial counsel; (3) the trial court erred in denying his motion for a jury instruction on the stand-your-ground defense; (4) cumulative error deprived him of a fair trial; (5) irrelevant jury instructions and the prosecutor's misleading arguments erroneously conveyed to the jury that he wasn't legally entitled to act in self-defense; and (6) his "absolute right to use lethal force" made him "immune from [p]rosecution," Aplt. Br. 32.

As the district court noted, the OCCA adjudicated Christian's ineffective-assistance-of-appellate-counsel claim on the merits. In doing so, the OCCA applied *Strickland v. Washington*, 466 U.S. 668 (1984), and determined that Christian failed to demonstrate either (1) that appellate counsel's performance was deficient or (2) that "the result of his . . . appeal would have been different but for appellate counsel's alleged failure to raise [his asserted claims] on direct appeal." R. 513; *see Strickland*, 466 U.S. at 687 (stating that two-prong test for ineffective-assistance-of-counsel claim requires prisoner to demonstrate deficient performance and prejudice); *see also Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) ("The proper standard for assessing a claim of ineffectiveness of appellate counsel is that set forth in *Strickland* . . . .").

Thus, the district court's task was to determine whether the OCCA's adjudication of his ineffective-assistance-of-appellate-counsel claim "resulted in a decision that was contrary to, or involved an unreasonable application of" *Strickland*, 28 U.S.C.

6

§ 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

Christian asserts that reasonable jurists could debate the district court's determination that the OCCA's adjudication of his ineffective-assistance-of-appellate-counsel claim was neither contrary to, nor involved an unreasonable application of, *Strickland*. But he fails to support this assertion with any argument. He doesn't discuss *Strickland*, the OCCA's application of it, or the district court's assessment of his Sixth Amendment claim. Instead, he simply asserts appellate counsel was ineffective and lists his "sub-claims," i.e., Grounds Three through Eight from his habeas petition. Despite the more forgiving standards that apply to pro se litigants, his briefing on this point is deficient and we could deem the argument waived. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (finding pro se plaintiff waived appellate review through inadequate briefing).

But even if we exercise our discretion to overlook his deficient briefing, *see United States v. Montgomery*, 550 F.3d 1229, 1231 n.1 (10th Cir. 2008), we find no basis on which to grant a COA. We've reviewed the state record, the OCCA's decision, and the district court's decision. Based on that review, we conclude that reasonable jurists wouldn't debate the district court's assessment of Christian's ineffective-assistance-of-appellate-counsel claim. Thus, we deny his request for a COA on that claim.

Finally, Christian asserts that reasonable jurists could debate the correctness of the district court's denial of his request for an evidentiary hearing. Specifically, he argues

7

that the district court should have held an evidentiary hearing because he "has alleged facts which[,] if true, establish a basis for relief on [his] claim that his appellate counsel was ineffective in failing to raise the omitted issue that trial counsel failed to conduct a reasonable pre-trial investigation on direct appeal." Aplt. Br. 22.

But as we've discussed, the OCCA adjudicated Christian's ineffective-assistance-of-appellate-counsel claim on the merits. Thus, before the district court could consider granting an evidentiary hearing on that claim, or any particular aspect of that claim, it had to decide whether Christian could "overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). Because we agree with the district court's conclusion that Christian failed to overcome that limitation, we further conclude that the district court didn't err in denying his request for an evidentiary hearing. *See id.* at 184 (holding "that evidence later introduced in federal court is irrelevant to § 2254(d)(1) review"). Thus, to the extent Christian requests a COA on this issue, we deny his request.

*     *     *

Because Christian hasn't made the requisite showing to obtain a COA, we deny his COA application and dismiss this matter. As a final matter, we deny as moot his motion for IFP status.

Entered for the Court


Nancy L. Moritz
Circuit Judge


8